## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

TYREE BLUFORD,                    :

                                :

            Petitioner,           :        Civ. No. 18-12428 (RBK)

                                :

         v.                        :        **OPINION**

                                :

PATRICK NOGAN, et al.,        :

                                :

            Respondents.      :

_____ :

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner is a state prisoner currently incarcerated at East Jersey State Prison. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondents filed an Answer, that seeks, among other things, to dismiss this matter as untimely. (ECF No. 6.) Petitioner filed a Reply opposing dismissal. (ECF No. 8.) For the reasons set forth below, the Court will dismiss the Petition with prejudice as untimely and will not issue a certificate of appealability.

## I.      BACKGROUND

    On September 8, 2009, after a jury trial, the New Jersey Superior Court sentenced Petitioner to an aggregate term of twenty-four years in prison, subject to the No Early Release Act, for first-degree aggravated manslaughter and related charges. (ECF No. 7-3.); *State v. Bluford*, No. A-2241-09T4, 2013 WL 141567, at *1 (N.J. Super. Ct. App. Div. Jan. 14, 2013). He filed a notice of appeal with the New Jersey Superior Court, Appellate Division, on January 12, 2010, and that court affirmed on January 14, 2013. (ECF Nos. 7-4, at 73; ECF No. 7-6.) Thereafter, on April 23, 2013, Petitioner filed a petition for certification with the Supreme Court of New Jersey, and that

court denied certification on October 18, 2013. (ECF No. 7-7; ECF No. 7-10.); *State v. Bluford*, 76 A.3d 532 (N.J. 2013).  Petitioner did not seek certiorari from the United States Supreme Court.

Nearly a year later, Petitioner filed a *pro se* petition for post-conviction relief ("PCR"), along with a *pro se* brief, with the New Jersey Superior Court, dated October 10, 2014. (ECF No. 7-12, at 3.)  The PCR court appointed counsel, who submitted a counseled brief to supplement Petitioner's original filings.  PCR counsel noted that Petitioner's filing was more than five years after the date of his judgment of conviction. (ECF No. 7-12, at 33.)   Further, PCR counsel acknowledged that Petitioner "missed the deadline by approximately one month," but argued that the court should ignore the error as "*de minimus* in nature." (*Id*.)

On May 2, 2016, the PCR court denied the PCR petition as untimely and without merit. (ECF No. 7-12, at 41, 50–51.)  In its opinion, the court emphasized that Petitioner and counsel proffered "[n]o explanation . . . for the reason for this delay," and that "[n]o facts have been asserted to substantiate the cause of the delay beyond the 5-year limit." (*Id*. at 50–51.)  As a result, the court did "not extend the time for filing," denied the petition as untimely, and alternatively denied the petition on the merits.  (*Id*. at 42–52.)

On September 13, 2016, Petitioner filed a PCR appeal and a motion to file as within time with the Appellate Division. (*Id*. at 56.)  The Appellate Division granted Petitioner's motion to file as within time on October 3, 2016. (*Id*.)  Thereafter, on January 5, 2018, the Appellate Division affirmed the PCR court's decision. (ECF No. 7-14.); *State v. Bluford*, No. A-0138-16T4, 2018 WL 300238 (N.J. Super. Ct. App. Div. Jan. 5, 2018).

Next, Petitioner filed a PCR petition for certification on January 30, 2018, with the Supreme Court of New Jersey. (ECF No. 7-15.)  Ultimately, on July 6, 2018, the Supreme Court of New Jersey denied certification. (ECF No. 7-18.)

Petitioner filed the instant § 2254 Petition on July 27, 2018. (ECF No. 1.)  Respondent filed an Answer seeking, among other things, dismissal of the Petition as untimely. (ECF No. 6.) Petitioner filed a Reply opposing dismissal. (ECF No. 8.)

## II.    STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004).  A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.

Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856.  More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III.    DISCUSSION

As mentioned above, Respondents contend that the instant Petition is untimely.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).   That limitations period begins to run when the criminal judgment becomes "final."[1]  A state-court criminal judgment becomes "final" within the meaning

---

[1] The statute states in full, that the limitation period shall run from the latest of:

of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *see also* 28 U.S.C. § 2244(d)(1)(A).

In the present case, Petitioner completed his direct appeals October 18, 2013, (ECF No. 7-10.), and his judgment became final on January 18, 2014, after the time to seek certiorari from the Supreme Court had expired. *Swartz*, 204 F.3d at 419 (holding that judgments become final at the conclusion of direct review which includes the ninety days' time for filing a petition for writ of certiorari). Accordingly, Petitioner's habeas time started on January 19, 2014, and absent tolling or other considerations, his habeas petition was due one year later, by January 19, 2015. Consequently, as Petitioner did not file the instant Petition until July of 2018, his Petition is untimely unless he can justify tolling the limitations period.

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1). There is no indication that any subsection other than (A) is applicable here.

A.  **Statutory Tolling**

First, Petitioner contends that his state PCR proceedings toll enough time to render the instant Petition timely.  The parties dispute the relatively small increments of time between Petitioner's PCR proceedings, his PCR appeals, and the filing of the instant § 2254 Petition.  According to Respondents' calculations, Petitioner filed the instant Petition only seventeen days late. (ECF No. 6, at 38–39.)  These, calculations, however, would only be relevant if Petitioner's state PCR petition was timely.

In general, the filing of a PCR petition may statutorily toll (*i.e.*, suspend) the running of the one-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").  A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

A timely PCR petition filed during the one-year period will suspend its running; it will not, however, revive a one-year period that has already expired. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed.").

On the other hand, an untimely PCR petition "is not properly filed for the purposes of tolling." *Id.*; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).  As a result, if a state

5

court determines that a PCR petition is untimely, that is "the end of the matter" for the purposes of statutory tolling. *Pace*, 544 U.S. at 414; *Jenkins*, 705 F.3d at 85–86.

Under New Jersey law, prisoners must file their first PCR petition "no more than five years after the date of entry of the judgment of conviction," unless he "alleges facts showing that the delay was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true, enforcement of the time bar would result in a fundamental injustice." N.J. Ct. R. 3:22-12(a)(l); *Palomino v. State of New Jersey*, No. 15-2090, 2016 WL 3556599, at *2 (D.N.J. June 29, 2016).

In the present case, the PCR court ruled that Petitioner's PCR petition was untimely. (ECF No. 7-12, at 41, 50–51.)  As noted above, PCR counsel acknowledged that Petitioner's filing was more than five years after the date of his judgment of conviction. (*Id*. at 33.)  Further, counsel conceded that Petitioner "missed the deadline by approximately one month," and only argued that the PCR court should ignore the error as "*de minimus* in nature." (*Id*.)

The PCR court rejected Petitioner's argument and emphasized that Petitioner and counsel proffered "[n]o explanation . . . for the reason for this delay," and that "[n]o facts have been asserted to substantiate the cause of the delay beyond the 5-year limit." (*Id*. at 50–51.)

The court also noted that although Petitioner's direct appeals were pending throughout some of that time, an appeal does not toll the five-year time limit on PCR petitions. (*Id*. (citing *State v. Dillard*, 506 A.2d 848, 850 (N.J. Super. Ct. App. Div. 1986)).); *Hodges v. Attorney Gen. of New Jersey*, No. 15-5951, 2020 WL 3264068, at *2 (D.N.J. June 16, 2020).  As a result, the court did "not extend the time for filing," denied the petition as untimely, and alternatively denied the petition on the merits.  (ECF No. 7-12, at 51.)

6

Although the PCR court alternatively decided Petitioner's claims on the merits, the United States Supreme Court has held that this has no bearing on the fact that the PCR petition was untimely. *See Pace*, 544 U.S. at 414.  A finding that a PCR petition is untimely is "the end of the matter, regardless of whether [the opinion] also addressed the merits of the claim or whether its timeliness ruling was 'entangled' with the merits." *Id.* (quoting *Carey v. Stafford*, 536 U.S. 214, 226 (2002)).

For all of those reasons, Petitioner's PCR petition was untimely and therefore, not "properly filed." As a result, he is not entitled to statutory tolling for the pendency of his PCR proceedings.  Consequently, Petitioner's § 2254 Petition was due on January 19, 2015, one year after his judgment of conviction became final.  Since Petitioner filed the instant Petition on July 27, 2018, he filed it at least three and a half years beyond the AEDPA's one-year limitations period.

### B.  Equitable Tolling

As for equitable tolling, Petitioner only argues that he is eligible for equitable tolling for the period between the denial of his PCR petition on May 2, 2016, and the filing of his PCR appeal on September 13, 2016. (ECF No. 8, at 30.)  Petitioner vaguely blames PCR appellate counsel for this delay.  Petitioner does not address the approximately three years of un-tolled time remaining. It appears that Petitioner was not aware that his untimely PCR petition and subsequent proceedings had no effect on his AEDPA limitations period.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.  "There are no bright lines in determining whether equitable tolling is warranted in a given case."  *See Pabon v. Mahanoy*, 654 F.3d 385, 399

(3d Cir. 2011).  The Third Circuit explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399).

For equitable tolling to apply, the Third Circuit elaborated on the requirement of reasonable diligence:

> [t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing *Holland v. Florida*, 560 U.S. 631, 653 (2010)].  "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) . . . . The fact that a petitioner is proceeding *pro se* does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling.  *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799–800.  A court may find extraordinary circumstances where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).  However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

Turning first to whether Petitioner was reasonably diligent, Petitioner fails to demonstrate that he diligently pursued his state rights.  In particular, as to his untimely PCR petition,  the PCR court found that Petitioner offered "[n]o explanation . . . for the reason for this delay," and that "[n]o facts have been asserted to substantiate the cause of the delay beyond the 5-year limit." (ECF No. 7-12, at 50–51.)

In his PCR appeal, PCR appellate counsel argued that Petitioner could have demonstrated excusable neglect.  Without citing to any evidence, counsel alleged that Petitioner's trial and appellate counsel, and the trial court, failed to advise Petitioner of the five-year limit to file a PCR petition.  (ECF No. 7-11, at 17–21.)

Even if true, excusable neglect and reasonable diligence are two separate inquiries. Petitioner could have discovered the five-year limit to file a PCR petition in a multitude of ways. For example, he could have inquired with the state courts, his attorneys, or perused the prison's law library, at any time during the five years after his judgment of conviction.  Had he done so, he could have then moved to protect his rights in the state courts.   Ultimately, Petitioner's miscalculation, inadequate research, lack of legal knowledge, and lack of legal training, do not excuse his failure to act with reasonable diligence.  *See Ross*, 712 F.3d at 799–800 (citing *Brown*, 322 F.3d at 774); *Fahy*, 240 F.3d at 244.

Additionally, Petitioner has failed to demonstrate that he has diligently pursued his *federal* rights.  In order to diligently pursue his federal rights, Petitioner "needed to file his habeas petition" within a year of when his judgment of conviction became final "and request a stay and abey of his habeas petition while he litigated" his planned PCR claims. *See, e.g.*, *Bennett v. Clark*, No. 16-3687, 2017 WL 6758399, at *5 (E.D. Pa. Feb. 1, 2017) (citing *Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012) (finding that petitioner failed to diligently pursue his federal rights by failing to file a protective federal petition while pursuing state collateral relief)), *report and recommendation adopted*, 2017 WL 6731622 (E.D. Pa. Dec. 29, 2017); *see also Wallace v. Mahanoy*, 2 F.4th 133, 150 (3d Cir. 2021).

The Third Circuit recently held that a petitioner who pursues a state PCR petition, "without making some effort to preserve his federal rights—weighs against a conclusion that he was

reasonably diligent for equitable tolling purposes." *Wallace*, 2 F.4th at 150.  In the present case, Petitioner could have, but failed, to file a protective § 2254 petition, and he does not appear to have made any effort to protect his federal rights.  Consequently, for all of those reasons, the Court finds that Petitioner was not reasonably diligent for the purposes of equitable tolling.

Turning then to the next prong, Petitioner does not allege that extraordinary circumstances prevented his timely filing.  Petitioner fails to argue that "there was an obstacle *beyond Petitioner's control that necessarily prevented* him from filing a timely petition, [and] there is no basis for equitable tolling." *Phillips v. D'Illio*, No. 15-2884, 2016 WL 54673, at *4 (D.N.J. Jan. 4, 2016) (arriving at the same conclusion in a case where PCR counsel failed to file a protective petition) (emphasis added).

Accordingly, the Court finds that Petitioner's failure to demonstrate reasonable diligence and extraordinary circumstances preclude "equitable tolling of his federal habeas petition, and absent such tolling, his [P]etition was untimely." *Darden*, 477 F. App'x at 918.  The Court will grant Respondents' request and dismiss the Petition with prejudice as untimely.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,"  a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not disagree with the Court's conclusion that the Petition is untimely under the AEDPA.  Accordingly, the Court will not issue a certificate of appealability.

## V.      CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition with prejudice and will not issue a certificate of appealability.  An appropriate Order follows.

Dated:  August __27__ , 2021                          s/Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge

11